JAMES L. DENNIS, Circuit Judge, concurring in part and concurring in the judgment: I write separately because I respectfully do not agree that the Barnharts’ principal argument on appeal is materially different from the argument they made before the tax court. In their briefing before the tax court, the Barnharts argued that they, not BRC, owned the cattle for tax purposes and that even if BRC technically owned' the cattle, it did so as an agent of the Barnharts. With respect to the issue of ownership, the Barnharts asserted that they owned the cattle, pointing to purported indicia of ownership and arguing that the Commissioner’s contention that BRC “managed” the cattle did not defeat the Barnharts’ assertion of ownership. Among other things, they cited Jones Livestock Feeding Co. v. Commissioner, 26 CCH T.C. Mem. 306, 1967 WL 789 (T.C. 1967), for the proposition that managing incóme-producing property on another’s behalf is not the same as ownership of the income-producing property. The Barnharts’ discussion of, and comparison to, Jones in their opening brief in the tax court makes it evident that the Barnharts argued below that they owned the cattle, irrespective of BRC’s actions. That is the same argument they are advancing on appeal, notwithstanding their citation to additional authorities or express abandonment of the agency theory. I therefore would not resolve this issue on the ground that the Barn-harts have forfeited their only argument. Nonetheless, I concur in the judgment as to Part II.A. of the opinion, as I see no clearly erroneous factual determination or reversible legal error in the tax court’s conclusion that BRC, not the Barnharts, owned the cattle for tax purposes. I also concur in the conclusion in Part II.B.1. that the Barnharts forfeited their substantial authority argument, as they failed to bring the authorities cited on appeal to the attention of the tax court. I otherwise concur in full.